FILED
2014 Jul-23  AM 11:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **CHRISTOPHER LASHANE ALLDREDGE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No.: 4:14-CV-1186-VEH** |
| v. ) | |
| ) | |
| **ALLSTATE INSURANCE CO., et al,** ) | |
| ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This is a civil action originally filed in the Circuit Court of Marshall County, Alabama, by the plaintiff, Christopher Lashane Alldredge, against the defendants, Allstate Insurance Company, Allstate Indemnity Company (collectively "Allstate"), and Karri Willis. (Doc. 1-1 at 2). The complaint sets out counts for breach of contract (Count One), Negligence (Count Two), and Bad Faith (Count Three). All counts arise out the sale of a homeowners insurance policy issued by Allstate on the plaintiff's home, and the alleged failure of Allstate to pay on a claim made by the plaintiff when his home was destroyed by fire.

On June 20, 2014, the case was removed to this court. (Doc. 1). It is before the court now on the Rule 12(b)(6) motion to dismiss filed by Willis. (Doc. 2). The

plaintiff has not responded to the motion. For the reasons stated herein, the motion will be converted to a motion for summary judgment and **GRANTED**.

**I.     STANDARD**

As noted, the instant motion is a Rule 12(b)(6) motion. Rule 12(d) of the Federal Rules of Civil procedure provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). In the instant case, the movant has proffered for consideration matters outside the pleadings which the court has considered. Accordingly, the motion is converted to a motion for summary judgment under Rule 56 of the Federal Rule of Civil Procedure. Further, the motion was filed on June 20, 2014. (Doc. 2). Pursuant to the court's uniform scheduling order, the plaintiff had until July 7, 2014, to file any response to a motion to dismiss. (Doc. 4 at 23) ("The opponent's responsive brief shall be filed no later than fourteen (14) **calendar** days thereafter.") (emphasis in original).[1] The plaintiff had until July 11, 2014, to respond to any motion for summary judgment which was filed. (Doc. 4 at 14) ("The responsive

---

[1] The time period actually expires on July 4, 2014, a federal holiday. Pursuant to Rule 6, the plaintiff had until July 7, 2014, to respond as that was "the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed."). As all potentially applicable time periods for response have now expired, the court determines that all parties have been given a reasonable opportunity to respond to the motion. Still, the plaintiff has filed no response to the motion.

Under Federal Rule of Civil Procedure 56, summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") (internal quotation marks and citation omitted). The party requesting summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings in answering the movant. *Id.* at 324. By its own affidavits – or by the depositions, answers to interrogatories, and admissions on file – it must

designate specific facts showing that there is a genuine issue for trial. *Id.*

The underlying substantive law identifies which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 229 F.3d at 1023. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the evidence presented by the non-movant to rebut the moving party's evidence is merely colorable, or is not significantly probative, summary judgment may still be granted. *Id.* at 249.

How the movant may satisfy its initial evidentiary burden depends on whether that party bears the burden of proof on the given legal issues at trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). If the movant bears the burden of proof on the given issue or issues at trial, then it can only meet its burden on summary judgment by presenting *affirmative* evidence showing the absence of a genuine issue of material fact – that is, facts that would entitle it to a directed verdict if not controverted at trial. *Id.* (citation omitted). Once the moving party makes such an affirmative showing, the burden shifts to the non-moving party to produce

"significant, probative *evidence* demonstrating the existence of a triable issue of fact." *Id.* (citation omitted) (emphasis added).

For issues on which the movant does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. *Id.* at 1115-16. First, the movant may simply show that there is an absence of evidence to support the non-movant's case on the particular issue at hand. *Id.* at 1116. In such an instance, the non-movant must rebut by either (1) showing that the record in fact contains supporting evidence sufficient to withstand a directed verdict motion, or (2) proffering evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *Id.* at 1116-17. When responding, the non-movant may no longer rest on mere allegations; instead, it must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343, 358 (1996). The second method a movant in this position may use to discharge its burden is to provide affirmative *evidence* demonstrating that the non-moving party will be unable to prove its case at trial. *Fitzpatrick*, 2 F.3d at 1116. When this occurs, the non-movant must rebut by offering *evidence* sufficient to withstand a directed verdict at trial on the material fact sought to be negated. *Id.*

**II.   FACTS**

The facts are straightforward. Sometime before July 30, 2012, Allstate "issued

a policy of insurance insuring the plaintiff's home[.]" (Doc. 1-1 at 3). The complaint alleges that

> [t]he defendants represented to the plaintiff that the . . . policy was the best policy offered by Allstate and it would cover any loss associated with fire or other casualty and that all claims made under the policy would be promptly paid. The defendants also represented to the plaintiff that the policy would provide sufficient insurance coverage in the event the structure and its contents were totally destroyed by fire or other casualty.

(Doc. 1-1 at 3). After the plaintiff's home was destroyed by fire, he made a claim on the policy which Allstate has denied. (Doc. 1-1 at 3).

### III. ANALYSIS

Willis argues that the complaint "alleges claims of breach of contract [and] bad faith against Allstate; and a claim of negligence against Willis." (Doc. 2 at 2). However, counts one and three, at least technically, are alleged against the "defendants," plural. (Doc. 1-1 at 4 ("[t]he defendants refused to pay," "the defendants' breach," "plaintiff demands judgment against defendants"); doc. 1-1 at 5 ("the defendants intentionally refused to pay," "[t]he defendants acted in bad faith," "[t]he plaintiff claims punitive damages of the defendants," "plaintiff demands judgment against defendants")). The use of the plural arguably makes these counts applicable to Willis as well. However, the complaint alleged no facts indicating that <u>Willis</u> entered into a contract with the plaintiff, or that <u>she</u> denied any claims.

Further, there is no <u>evidence</u> indicating as much. Accordingly, if these counts are alleged against Willis, they are due to be dismissed.

Count Three alleges that Willis, "in her capacity as agent, servant, and employee of Allstate, negligently failed and/or refused to provide the insurance coverage agreed upon and provide insurance in an amount adequate to cover plaintiff's structure and contents." (Doc. 1-1 at 5). The Alabama Supreme Court has stated that an agent or broker can be liable for negligent procurement of insurance when "with a view to compensation, [he] undertakes to procure insurance for a client and unjustifiably or negligently fails to do so." *Lewis v. Roberts*, 630 So. 2d 355, 357 (Ala. 1993) (citing *Montz v. Mead & Charles, Inc.,* 557 So.2d 1 (Ala.1987)). The claim cannot be based upon the failure to procure a policy because, as noted in the complaint "the defendants issued a policy of insurance insuring the plaintiff's home." (Doc. 1-1 at 3). The complaint contains no facts indicating how the coverage contained in the policy was not what was agreed upon, was less than her claimed loss, or was otherwise insufficient.

Further, the affidavit of Lisa Barkley, a claim adjuster for Allstate, provides that there <u>is</u> a policy in effect for the plaintiff on his residence, and that the denial of the claim was "not in any way related to the absence of a policy or coverage for the type of loss at issue." (Doc. 1-3 at 3). The policy itself appears in the record at

document 1-2. It provides, in pertinent part, dwelling protection in the amount of $250,000, other structures protection in the amount of $25,000, and personal property protection in the amount of $187,500. (Doc. 1-2 at 6). Barkley states that the policy "provided those coverage limits sought by [p]laintiff." (Doc. 1-3).

There is no genuine issue of material fact that Willis procured insurance for the plaintiff with the coverage that he requested. Accordingly, summary judgment is appropriate.

## IV.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the motion to dismiss, converted to a motion for summary judgment, is due to be, and hereby is, **GRANTED**. Defendant Karri Willis is hereby **DISMISSED, without prejudice**.[2]

---

[2] Rule 54(b) addresses judgment on multiple claims or involving multiple parties and provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties <u>only if the court expressly determines that there is no just reason for delay</u>. Otherwise, <u>any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims</u> or parties <u>and may be revised at any time</u> before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). "The purpose of Rule 54(b) is to codify the historic practice of 'prohibit[ing] piecemeal disposition of litigation and permitting appeals only from

**DONE** and **ORDERED** this 23rd day of July, 2014.

                                                           _____
                                                           **VIRGINIA EMERSON HOPKINS**
                                                           United States District Judge

---

final judgments,' except in the 'infrequent harsh case' in which the district court properly makes the determinations contemplated by the rule." *In re Se. Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995) (quoting Fed. R. Civ. P. 54(b) advisory committee's note to 1946 amendment).

        Here, because claims against another defendant remain pending in this lawsuit, the dismissal of Willis cannot become a final adjudication on the merits, *i.e.*, a "with prejudice" dismissal subject to an immediate appeal, unless the ruling is expressly certified by the district court as warranting and the record confirms that it is deserving of such special treatment. *See In re Se. Banking Corp.*, 69 F.3d at 1546 ("When a district court is persuaded that Rule 54(b) certification is appropriate, the district court should support its conclusion by clearly and cogently expressing its reasoning and the factual and legal determinations supporting that reasoning." (citing *Explosives Supply Co. v. Columbia Nitrogen Corp.*, 691 F.2d 486, 486 (11th Cir. 1982))); *see also Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997) ("A district court's Rule 54(b) certification is not conclusive on [the Eleventh Circuit].") (emphasis added).

        In this case, the second sentence of Rule 54(b) comes into play and, even if the court were to dismiss Willis "with prejudice" such a label would not create any appealable "finality" and, consequently, the dismissal would, despite its designation, instead constitute a "without prejudice" one. *See Huckeby v. Frozen Food Exp.*, 555 F.2d 542, 545 (5th Cir. 1977) (recognizing that "partial disposition of a multi-claim . . . action . . . is ordinarily an unappealable interlocutory order" and consequently "is subject to revision at any time prior to entry of a final decision") (emphasis added).